# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ABMAN GLASTER,

          Plaintiff,

vs.

7 ELEVEN., *et al.*,

          Defendants.

2:19-cv-00842-GMN-VCF

**ORDER**
APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1]

Before the Court is Plaintiff Abman Glaster's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the following reasons, Plaintiff's application to proceed *in forma pauperis* is granted. The Court, however, orders that Plaintiff's complaint be dismissed without prejudice.

## IN FORMA PAUPERIS APPLICATION

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The Court may authorize individuals to commence an action without prepayment of fees and costs if they file an application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1).

According to his application to proceed *in forma pauperis*, Plaintiff receives no income and has no property of value. (ECF No. 1). Plaintiff's complaint indicates that he is homeless. (ECF No. 1-1 at 2). Therefore, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted.

## SECTION 1915(e) SCREENING

Under 28 U.S.C. § 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint. The Court is given the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). All material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir.1988).

Plaintiff seeks to bring a 42 U.S.C. § 1983 civil rights claim against the owners and employees of two 7 Elevens and a Golden Day Adult Day Care. (ECF No. 1-1 at 1). Plaintiff asserts the Defendants "while acting under color of state law," violated Plaintiff's constitutional rights by discriminating against him on the basis of his disability and homeless status. (*Id.* at 2-8). Plaintiff also alleges that Defendants were "acting in conjunction with others retaliating against Plaintiff for filing a civil action against Clark County." (*Id.* at 5, 9).

A § 1983 claim must be brought against a person acting with the influence of state law. 42 U.S.C §1983. "The Supreme Court has articulated four tests for determining whether a private [party's] actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir.2002)).

Plaintiff fails to state how any of the Defendants, apparently private individuals and entities, have acted under the color of state law. Plaintiff mentions a potential connection with Clark County (ECF No. 1-1 at 5, 9), but does not explain how Defendants' alleged discrimination against Plaintiff can be attributed to the government.

Plaintiff has failed to state a claim upon which relief may be granted. However, the complaint's deficiencies may be cured by amendment. Therefore, Plaintiff's complaint (ECF No. 1-1) is hereby dismissed without prejudice.

ACCORDINGLY,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until July 12, 2019 to file an amended complaint. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 10th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE